No. 461
POWELL v. McCABE et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1460.  Decided May 2, 1925.

916.  PETITION—Time within which to bring error proceedings from order vacating a judgment, is limited by statute.

683.  JURY—Question of whether wind was so ordinary as could be thereon reasonably anticipated; when maintenance of action is based, is for jury.

RICHARDS, J.

Victoria Powell, brought an action in the Lucas Common Pleas against Al C. McCabe for injuries which she sustained by being struck with a falling ladder.  Powell alleged that McCabe negligently, wrongfully and unlawfully placed a ladder against his building and that the ladder had not support or guard.  Powell offered testimony tending to show that the ladder was so negligently placed that an ordinary wind caused it to fall.  McCabe contended that the wind was very strong and such as is unusual and not reasonably within the anticipation of persons exercising ordinary care.  The trial resulted in a directed verdict for McCabe, and error was prosecuted by Powell.

She contends that in the September 1923 term of the Common Pleas, she had been given a judgment by default which was vacated in the January 1924 term; the judgment had been vacated by application of McCabe.  It was insisted that the lower court had no power to make the order of vacation at a term subsequent to which the default judgment was rendered.

The court of Appeals held:

1.  The default judgment ordering jury to assess damages in September term was not a final order or judgment to which error could be prosecuted.

2.  Proceeding to reverse the order of vacation, could properly be brought, but must be within the time limited by statute.  Powell's petition in error was not filed within time as to the vacting order.

3.  Petition in error, as to errors alleged to have occurred at the trial, is in time.  Question of whether wind was or was not of such unusual velocity as not to be reasonably anticipated in the exercise of ordinary care, was for the jury.

4. Directing the verdict was error and judgment is reversed.

Attorneys—Eva E. Shaw and John P. Manton, for Powell; Hackett & Lynch, for McCabe; all of Toledo.